IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| United States, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | Case No. 20 CR 50033 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Keith Howells, | ) | |
| | ) | |
|     *Defendant*. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Defendant Keith Howells is currently in the custody of the United States Marshals Service awaiting a hearing on the extradition request of the Government of the United Kingdom to face a charge of 27 counts arising from the alleged sexual abuse of his minor cousin. Defendant has moved for reconsideration of the order of detention. Dkt. 21. For the following reasons, Defendant's motion is denied.

### I. BACKGROUND

Defendant Howells is a citizen of the United Kingdom and a legal permanent resident of the United States. He has lived in the United States for over 12 years. According to the extradition complaint, Defendant Howells has been charged with 27 counts arising from the alleged sexual abuse of his minor cousin over a period of approximately 12 years. He has been charged with nine counts of indecent assault, in violation of Section 14 of the Sexual Offences Act; one count of attempted rape, in violation of Section 1(1) of the Criminal Attempts Act; and 17 counts of indecency with a child, in violation of Section 1(1) of the Indecency with Children Act. On April 22, 2015, the victim reported the abuse to British authorities. A District Judge at the Cardiff and the Vale of Glamorgan Magistrates' Court, United Kingdom, issued a warrant for Howells' arrest on July 7, 2016.

On August 20, 2020, this Court issued an arrest warrant for Defendant Howells. On August 25, 2020, Defendant Howells had his initial appearance and was ordered detained. Defendant Howells is currently in custody at the Winnebago County Jail. Defendant filed his motion for reconsideration of the order of detention on October 27, 2020 and the Government filed a response on November 9, 2020. This Court heard oral arguments from both parties at a motion hearing on November 19, 2020.

### II. LEGAL PRINCIPLES

International extradition proceedings are governed by 18 U.S.C. § 3184, a statutory scheme that does not address the issue of bail. The Supreme Court has recognized, however, that

a defendant may be entitled to bail in an extradition case only if he shows that there are "special circumstances" warranting his release, and that bail "should not ordinarily be granted." *Wright v. Henkel*, 190 U.S. 40, 63 (1903). Bail is difficult to obtain in these matters because of the United States' important interest in complying with its treaty obligations: "[i]f the United States were to release a foreign fugitive pending extradition and the defendant absconded, the resulting diplomatic embarrassment would have an effect on foreign relations and the ability of the United States to obtain extradition of its fugitives." *In re Extradition of Molnar*, 182 F. Supp. 2d 684, 687 (N.D. Ill. 2002).

Following *Wright*, courts have not precisely defined "special circumstances," but it is nonetheless clear that defendants face a high burden in extradition cases, and courts only infrequently grant bail. *Matter of Extradition of Budrys*, 2019 WL 1958566, at *2 (N.D. Ill. May 2, 2019). Generally, "special circumstances are limited to circumstances in which the justification for release is as pressing as well as plain." *Matter of Extradition of Noeller*, 2017 WL 6462358, at *3 (N.D. Ill. Dec. 19, 2017) (alterations and internal quotation marks omitted). As evidenced by the word "special," these circumstances must be "extraordinary and not merely applicable to all defendants facing extradition." *Id.* at *4. Additionally, before the Court considers whether "special circumstances" are present such that bail is warranted, the defendant must show that he is not a flight risk nor a danger to the community. *Budrys*, 2019 WL 1958566, at *2. While a finding in the defendant's favor on this issue would not be determinative, the special circumstances must exist in addition to absence of the risk of flight before a defendant in an extradition matter could be released from custody. *Id.* (citations omitted).

### III. DISCUSSION

**Flight risk and danger to community**

In order to establish that he is not a flight risk or danger to the community, Defendant asserts that he has lived openly in the United States since his arrival, he lives in a home with his wife of 12 years and minor child, he has opened financial accounts and purchased property in his own name, he has maintained a business in the town where he lives, and he has not traveled outside of the United States since his arrival. Defendant's Motion at 2, Dkt. 21. Defendant also contends that he is not addicted to any controlled substances and he uses alcohol infrequently and only for social purposes. *Id*. Defendant admits that he was arrested for public indecency in 2010, but states that there have been no prior arrests or convictions for the use of violence. *Id*. at 2-3. He points out that his satisfactory completion of the terms of court supervision for that misdemeanor demonstrates that he can abide by court orders relating to bail. *Id*. at 3.

The Government counters that the standard for evaluating risk of flight in extradition cases is much stricter than the "reasonable assurance" of appearance standard in domestic criminal proceedings. Government's Response at 3, Dkt. 25 (citing *Matter of the Extradition of Kin-Hong*, 913 F. Supp. 50, 53 (D. Mass. 1996)). The Government points out that courts have considered, among other things, the fugitive's financial means, ties with foreign countries, and incentive to flee based on the severity of the offense. Government's Response at 3, Dkt. 25. The Government asserts that the 27 charges carrying a significant penalty is a significant incentive to flee. *Id*. at 4. The Government also reiterates the United States' "overriding interest in complying

with treaty obligations." *Id*. (citing *Wright v. Henkel*, 190 U.S. at 62). With respect to the consideration of danger to the community, the Government notes that Defendant's offense in 2010 is reminiscent of his sexual abuse charges in the U.K. Government's Response at 4, Dkt. 25.

The Court recognizes that Defendant is a legal permanent resident of the United States with substantial ties to Ogle County, Illinois, where he lives with his family. The Court also recognizes that Defendant has successfully adhered to court orders while on supervision in the past with respect to his prior offense. However, given the potential for substantial penalties attached to these alleged crimes, the Court is not willing to conclude that Defendant is not a flight risk.

The Court also finds that Defendant's prior offense is evidence that is relevant to the assessment of danger to the community. As the Government points out, Defendant's misdemeanor offense is of a similar nature to the charges pending against him. Given that the misdemeanor in the United States occurred over 15 years after the alleged offenses in Great Britain, the Court finds that this potential pattern of behavior poses a threat to the community. Accordingly, the Court finds that Defendant has failed to show that he is not a flight risk or danger to the community. However, regardless of the Court's determination on these issues, Defendant has not presented a special circumstance warranting his release, as demonstrated below.

**Special circumstances**

Defendant contends that the "special circumstance" that warrants his pre-hearing release is the ongoing pandemic caused by the COVID-19 virus. Defendant's Motion at 4, Dkt. 21. Defendant first contends that he is at risk of becoming ill with the virus while in custody at the Winnebago County Jail, as the pandemic creates a special danger to incarcerated individuals and because he has an increased risk for severe illness due to his hypertension. *Id*. at 4-5. Defendant next argues that, as a result of the restricted visitation practices at the Winnebago County Jail, counsel is unable to meet personally with his client, which negatively impacts their hearing preparation. *Id*. at 5.

The Government argues that courts have not found the risk of being infected with the COVID-19 virus to constitute a special circumstance. Government's Response at 5, Dkt. 25. The Government then elaborates on the procedures and protocols currently in place at the Winnebago County Jail that have successfully limited COVID-19 transmission. *Id*. at 6-9. The Government reports that, as of November 8, 2020, the COVID-19 positivity rate at the jail was 1.5%, whereas Ogle County most recently reported a positivity rate of 14%. *Id*. at 9. The Government also argues that courts have not considered the need to consult with an attorney to be a special circumstance. *Id*. at 9-10.

With respect to the argument that Defendant is at an increased risk for contracting COVID-19, the Court finds that it does not constitute a special circumstance warranting release. While the Court acknowledges that there have been dangerous outbreaks of the COVID-19 virus in other institutions across the country, the Court is not convinced that Defendant is at a

significantly increased risk of contracting COVID-19 at the Winnebago County Jail, given the statistics cited in the Government's brief. Moreover, other courts have found that the risk of contracting COVID-19 is insufficient to constitute "special circumstances." *Matter of Extradition of Carr*, 2020 WL 4816052, at *5 (N.D. Ill. Aug. 18, 2020) (collecting cases).

The Court is also unconvinced by the argument that Defendant is disadvantaged by being unable to meet with his attorney in-person. Defendant cites one criminal case where a court determined release was appropriate after considering the restrictions on attorney-client communications. Defendant's Motion at 5, Dkt. 21. However, as Defendant himself noted, that was not an extradition case. Rather, unlike criminal cases, in extradition cases, there is a presumption that bail should not be granted. *United States v. De Loera*, 2006 WL 1518981, at *2 (N.D. Ind. May 31, 2006) (unpublished opinion). Additionally, the restrictions at the Winnebago County Jail do not rise to the level of a special circumstance warranting release because Defendant and his counsel maintain the ability to communicate via telephone. *See Carr*, 2020 WL 4816052, at *6 (stating that additional restrictions to communicate with a defendant in jail, despite being more difficult, does not meet the standard for extradition bail).

Accordingly, the Court finds that Defendant has failed to establish that "special circumstances" exist in his case. Overall, the United States has a significant interest in ensuring it fulfills its treaty obligations, and Defendant Howells has not shown that the COVID-19 pandemic is a special circumstance setting him apart from other extradition defendants and warranting his release.

### IV. CONCLUSION

The Court denies Defendant's motion for reconsideration of the order of detention.

Date: November 20, 2020     By: _/s/ Lisa A. J_____
Lisa A. Jensen
United States Magistrate Judge

4